**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOE LEE JACKSON,

      Petitioner,               Civil No. 2:06-CV-12166
                                HONORABLE DENISE PAGE HOOD
v.                           UNITED STATES DISTRICT JUDGE

JAN E. TROMBLEY,

      Respondent,
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

      Joe Lee Jackson, ("petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence on one count of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a). For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

### I. Background

      Petitioner pleaded no contest in the Saginaw County Circuit Court to one count of first-degree criminal sexual conduct. In exchange for his plea, the prosecutor agreed to dismiss three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct and further agreed that petitioner's minimum sentence would be within the sentencing guidelines range of

1

96-240 months.  Petitioner was sentenced to 20-50 years in prison.  Petitioner's

conviction was affirmed on appeal. *People v. Jackson,* No. 244756 (Mich.Ct.App.

November 7, 2005); *lv. den.* 474 Mich. 1071; 711 N.W. 2d 322 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the

following ground:

> Due process entitles appellant to resentencing where the trial court
> failed to adequately consider appellant's mental retardation and history
> of abuse in mitigation of appellant's sentence.

## II.  Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a

cause of action under federal law or it may summarily be dismissed. *Perez v.*

*Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are

also authorized to dismiss any habeas petition that appears legally insufficient on

its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is

authorized to summarily dismiss a habeas corpus petition if it plainly appears

from the face of the petition or the exhibits that are attached to it that the

petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d

434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. §

2254.  No return to a habeas petition is necessary when the petition is frivolous,

or obviously lacks merit, or where the necessary facts can be determined from

the petition itself without consideration of a return by the state. *Allen v. Perini,* 424

2

F. 2d 134, 141 (6th Cir. 1970).  After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner's sentence of twenty to fifty years was within the statutory limit for the crime of first-degree criminal sexual conduct.  A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).  Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf fails to state a claim upon which habeas relief can be granted, because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin v. Michigan,* 501 U.S. 957, 996 (1991)); *See also Engle v. United States,* 26 Fed. Appx. 394, 397 (6th Cir.

3

2001)(Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases).  Because petitioner had no constitutional right to an individualized sentence, no constitutional error occurred because of the state trial court's failure to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

In the present case, petitioner's sentence of twenty to fifty years for first-degree criminal sexual conduct was not only within the statutory maximum for this offense, but was also within the sentencing guidelines range of ninety six to two hundred and forty months for this offense.  In Michigan, sentences within a correctly scored guidelines range are presumptively proportionate. *Hastings,* 194 F. Supp. 2d at 673-74 (*citing to People v. Bailey*, 218 Mich. App. 645, 647; 554 N. W. 2d 391 (1996)).  Because petitioner's sentence was within the statutory range for the offense, as well as within the recommended sentencing guidelines range, he is not entitled to habeas relief for his sentence. *Id.*

### III.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

 /s/ Denise Page Hood

**HON. DENISE PAGE HOOD**
UNITED STATES DISTRICT COURT

DATED: June 20, 2006